**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                    Case No.: 8:11-bk-01927-CED

FRANK M. MONGELLUZZI                                       Chapter 7

      Debtor.

_____/

ANGELA WELCH, as Chapter 7 Trustee for the
bankruptcy estate of Frank Michael Mongelluzzi,

      Plaintiff,

v.                                                        Case No.: 8:14-ap-00653-CED

REGIONS BANK,

      Defendant.

_____/

<u>**ANSWER AND AFFIRMATIVE DEFENSES**</u>
<u>**TO AMENDED COMPLAINT AND COUNTERCLAIM**</u>

      Defendant, Regions Bank, an Alabama state chartered bank ("Regions" or the "Bank"), by counsel, hereby files its answer, affirmative defenses and counterclaims to the Amended Complaint and Demand for Jury Trial (the "Amended Complaint") [Doc. 15] filed in this cause by the Plaintiff, Angela Welch in her capacity as Chapter 7 Trustee for the bankruptcy estate of Frank Michael Mongelluzzi ("Plaintiff" or "Welch").  The Bank responds as follows to the corresponding numbered paragraphs of the Amended Complaint, asserts its affirmative defenses and counterclaim as follows:

      **I.**      <u>**PARTIES**</u>

      1.      Regions admits that the Plaintiff was appointed Chapter 7 Trustee for the bankruptcy estate of Frank Michael Mongelluzzi ("Frank") on or about March 28, 2011 in United States Bankruptcy Case for the Middle District of Florida, Case No. 8:11-bk-01927-CED.

      2.      Regions admits Plaintiff is a resident of Hillsborough County, Florida and a citizen of the State of Florida.

      3.      Regions admits that Frank was a resident of Pinellas County, Florida and a citizen of the state of Florida.

4.      Regions admits the allegations of Paragraph 4 of the Amended Complaint solely to the extent that Paragraph 4 of the Amended Complaint alleges that Regions is an Alabama state chartered bank, a citizen of the State of Alabama with its principal place of business in Jefferson County, Alabama, that Regions is authorized to conduct business in the State of Florida, and that Regions is subject to the personal jurisdiction of this Court.  Answering further, Regions is without knowledge of, and therefore denies, all other allegations contained in Paragraph 4 of the Amended Complaint.

II.      **Jurisdiction and Venue**

5.      Regions admits that the Court has subject matter jurisdiction over this action, however, Regions is without knowledge and therefore denies the remainder of the allegations of Paragraph 5 of the Amended Complaint.

6.      Regions admits venue is proper in the Middle District of Florida, and that Regions is subject to the Court's personal jurisdiction.

III.      **General Allegations**

A.  **The Able Body Labor Businesses and the Non-Staffing Businesses**

7.      Regions admits that the Mongelluzzis (Frank and Anne Mongelluzzi; "Anne") operated temporary labor staffing companies but Regions is without knowledge of the remaining allegations of Paragraph 7 of the Amended Complaint and therefore denies them.

8.      Regions admits the Mongelluzzi's temporary labor staffing companies included Able Body Temporary Services, Inc., Able Body Gulf Coast, Inc., Professional Staffing – A.B.T.S., Inc., Westward Ho, LLC, Westward Ho II, LLC, YJNK III, Inc., YJNK XI CA, Inc., Rotrpick, LLC and USL&H Staffing, LLC but Regions is without knowledge of the remaining allegations of Paragraph 8 of the Amended Complaint and therefore denies them.

9.     Regions admits that the Able Body Staffing Businesses were headquartered in Clearwater, Florida, but is without knowledge as to the remaining allegations contained in Paragraph 9 of the Amended Complaint and therefore denies them.

10.    Regions is without knowledge of the allegations contained in Paragraph 10 of the Amended Complaint and therefore denies them.

11.    Regions is without knowledge of the allegations contained in Paragraph 11 of the Amended Complaint and therefore denies them.

### B.   The Mongelluzzis and the Business Entities' banking relationship with Regions

#### 1.   The Regions Mongelluzzi Bank Accounts

12.    Regions admits that it had a banking relationship with the Mongelluzzis and some other entities in which the Mongelluzzis had an interest, but Regions is without knowledge of the remaining allegations of Paragraph 12 of the Amended Complaint and therefore denies them.

13.    Regions denies the allegations of Paragraph 13 of the Amended Complaint to the extent that Paragraph 13 alleges, suggests in any way, or contains any possible inference, that Regions owed any duty, to Frank or any third party, to perform any of the allegations in Paragraph 13 of the Amended Complaint.

14.    Regions denies the allegations contained in Paragraph 14 of the Amended Complaint to the extent that Paragraph 14 alleges, suggests in any way, or contains any possible inference, that Regions owed any  duty, to Frank or any third party, to perform any of the allegations in Paragraph 14 of the Amended Complaint.

15.    Regions denies the allegations of Paragraph 15 of the Amended Complaint to the extent that Paragraph 15 alleges, suggests in any way, or contains any possible inference, that Regions owed any duty, to Frank or any third party, to perform any of the allegations in Paragraph 15 of the Amended Complaint.  Answering further, without limitation or qualification to the foregoing

3

denials, Regions denies that it "permitted" any of the types of "banking transactions" alleged in paragraph 15 of the Amended Complaint.

16.     Regions denies the allegations contained in Paragraph 16 of the Amended Complaint.

**2.  The Regions Revolver and Other Loans**

17.     Regions admits that it had a lending relationship with the Mongelluzzis as well as some of the companies and corporations in which the Mongelluzzis held an interest.  Answering further, Regions responds that the terms of the "Regions Revolver" speak for themselves and that Regions is otherwise without knowledge of the allegations contained in Paragraph 17 of the Amended Complaint, and therefore denies those allegations.

18.     Regions is without knowledge of whether the Regions Revolver was a "vital mechanism" (as well as the remainder of the allegations of Paragraph 18 of the Amended Complaint), and therefore denies those allegations.

19.     Regions is without knowledge as to Welch's use of the phrases "rigorous financial oversight," "ongoing review," and "detailed analysis," and is thus, and otherwise, without knowledge of the remaining allegations of Paragraph 19 of the Amended Complaint and therefore denies those allegations.

20.     Regions is without knowledge as to Welch's use of the phrase "rigorous financial oversight" as well as the statements contained in the alleged e-mail correspondence between Bob Pierce and Anne, and answers further that the referenced e-mail does not purport to have been generated by, or addressed to, anyone at Regions and thus, Regions is without knowledge of such allegations and therefore denies those allegations.

**C.  Use of the Bank Accounts in furtherance of a massive check kiting scheme**

21.     Regions is without knowledge of the actions of "Frank Mongelluzzi and others," as well as the remaining allegations of Paragraph 21 of the Amended Complaint and therefore denies those allegations.

22.     Regions is without knowledge as to the allegations contained in Paragraph 22 of the Amended Complaint, specifically (without limitation) the actions of "Frank Mongelluzzi and others" or any "Check Kite Account," and thus, is otherwise without knowledge of the remaining allegations of Paragraph 22 and therefore denies them.

23.     Regions is without knowledge of the alleged actions of "Frank Mongelluzzi and others," as well as the remaining allegations of Paragraph 23 of the Amended Complaint and therefore denies them.

24.     Regions is without knowledge of the alleged mechanics of any check-kiting scheme by "Frank Mongelluzzi and others," as well as the other allegations contained in Paragraph 24 of the Amended Complaint as most of those allegations concern entities or other banks unrelated to Regions or Regions' business relationship. Answering further, as to paragraphs 24(g) and (h) of the Amended Complaint, Regions is without knowledge as to the Plaintiff's allegations as to the "Mongelluzzis" or the "Business Entities" and thus, Regions denies the allegations in Paragraph 24 of the Amended Complaint.

25.     Regions is without knowledge of any "aggregate account balances" of the Mongelluzzis and the Business Entities as well as the remaining allegations of Paragraph 25 of the Amended Complaint and therefore denies them.

**D.  Use of Regions Revolver in furtherance of massive check kiting scheme**

26.     Regions denies the allegations of Paragraph 26 of the Amended Complaint.

27.     Regions denies the allegations of Paragraph 27 of the Amended Complaint.

**E.  Circumstantial evidence indicative of F. Mongelluzzi's insolvency and/or the check kiting scheme**

28.     Regions is without knowledge of any alleged "significant circumstantial evidence" as well as the remaining allegations of Paragraph 28 of the Amended Complaint and therefore denies them.

29.     Regions is without knowledge of the allegations of Paragraph 29 (including all subparts) of the Amended Complaint and therefore denies them.

30.     Regions is without knowledge of any alleged "circumstantial evidence" and therefore denies that allegation.  Answering further, Regions is without knowledge of the remaining allegations of Paragraph 30 and therefore denies them.

31.     Regions denies the allegations of Paragraph 31 of the Amended Complaint.

32.     Regions denies the allegations of Paragraph 32 of the Amended Complaint.

33.     Regions is without knowledge of any "controlled exit strategy," as well as the remaining allegations of Paragraph 33 of the Amended Complaint and therefore denies them.

### F.   Collapse of the Check Kiting Scheme in the Summer of 2010

34.     Regions is without knowledge as to the reference to "several financial institutions" as well as the remaining allegations of Paragraph 34 of the Amended Complaint and therefore denies them.

35.     Regions is without knowledge as to "the Mongelluzzis and/or the Business Entities" as well as the remaining allegations of Paragraph 35 of the Amended Complaint and therefore denies those allegations.

36.     Regions is without knowledge of the allegations of Paragraph 36 of the Amended Complaint and therefore denies them.

### G.   Regions' response to the collapse of the check kiting scheme

37.     Regions admits that it entered into a forbearance agreement with Frank  and the other parties to that agreement and answers further that the terms of that forbearance agreement speak for themselves.  Regions is otherwise without knowledge of the remaining allegations of Paragraph 37 of the Amended Complaint and therefore denies those allegations.

38.     Regions is without knowledge of the allegations contained in Paragraph 38 of the Amended Complaint and therefore denies them.

6

39.    Regions is without knowledge of the allegations of Paragraph 39 of the Amended Complaint (in particular, without limitation, the phrase "foregoing circumstantial evidence") and therefore denies those allegations.

**H.    The Able Body Labor Businesses' assets are sold to Michael D. Traina and MDT Personnel, LLC on or about September 2, 2010 solely in exchange for satisfaction of the entities' then current outstanding senior indebtedness**

40.    Regions admits that it is aware that an asset purchase agreement was executed between the parties thereto and answers further that the terms of that asset purchase agreement speak for themselves.  Regions is otherwise without knowledge of the allegations of Paragraph 40 of the Amended Complaint and therefore denies those allegations.

41.    Regions is without knowledge of the allegations contained in Paragraph 41 of the Amended Complaint and therefore denies them.

**I.    Unlike Regions (which received substantial repayment of obligations owed by F. Mongelluzzi and the Business Entities after it was aware of his insolvency and the check kiting scheme), other legitimate creditors who were owed hundreds of millions of dollars were left out in the cold following the Able Body Labor Asset Sale and the Business Entities effectively crumbled**

42.    Regions answers that the information contained in the public records of the State of Florida speak for themselves.  Answering further, Regions is otherwise without knowledge of the allegations of Paragraph 42 of the Amended Complaint and therefore denies them.

43.    Regions answers that the public records concerning filings in the United States Bankruptcy Court for the Middle District of Florida speak for themselves.  Answering further, Regions is otherwise without knowledge of the allegations of Paragraph 43 of the Amended Complaint and therefore denies them.

44.    Regions answers that the public records concerning filings made in the United States Bankruptcy Court for the Middle District of Florida speak for themselves.  Answering further, Regions is otherwise without knowledge of the allegations of Paragraph 44 of the Amended Complaint and therefore denies them.

45.     Regions answers that the public records concerning filings made in the United States Bankruptcy Court for the Middle District of Florida speak for themselves.  Answering further, Regions is otherwise without knowledge of the allegations of Paragraph 45 of the Amended Complaint and therefore denies them.

46.     Regions answers that the public records concerning filings made in the United States Bankruptcy Court for the Middle District of Florida speak for themselves.  Answering further, Regions is otherwise without knowledge of the allegations of Paragraph 46 of the Amended Complaint and therefore denies them.

**J.   The assets of the Able Body Labor Businesses are sold again to TrueBlue, Inc. on or about February 4, 2013 and no consideration is paid to the Mongelluzzis or to the shell entities which formerly owned and operated the Able Body Labor Businesses' assets**

47.     Regions admits that the public records of the U.S. Securities and Exchange Commission indicate that MDT apparently entered into a transaction with TrueBlue (those records speak for themselves) but answers that it is without knowledge of the remaining allegations of Paragraph 47 of the Amended Complaint and therefore denies them.

48.     Regions answers that the public records of the U.S. Securities and Exchange Commission speak for themselves and that Regions is otherwise without knowledge of the allegations of Paragraph 48 of the Amended Complaint and therefore denies them.

**K.  The Transfers at issue**

49.     Regions is without knowledge of the allegations of Paragraph 49 of the Amended Complaint, in particular (without limitation) to the extent those allegations involve any legal determination or conclusion, and therefore denies them, including (without limitation) any allegation or depiction represented in Exhibit 9 referenced and attached thereto.

50.     Regions is without knowledge of the allegations contained in Paragraph 50 of the Amended Complaint, specifically (without limitation) any allegations as to "general fund,"

"unrestricted use," or "unfettered right" and to the extent that any of those allegations contain legal determinations or conclusions, and Regions therefore denies the allegations of Paragraph 50 of the Amended Complaint including (without limitation) any allegation or depiction represented in Exhibit 10 referenced and attached thereto.

51.     Regions is without knowledge of the allegations contained in Paragraph 51 of the Amended Complaint, in particular (without limitation) the allegation as to "dominion and control" as well as to the extent any allegations contain legal determinations or conclusions, and therefore Regions denies the allegations of Paragraph 51 of the Amended Complaint.

52.     Regions is without knowledge of the allegations of Paragraph 52 of the Amended Complaint as this appears to contain a legal determination and therefore Regions denies these allegations.

53.     Regions is without knowledge of the allegations contained in Paragraph 53 of the Amended Complaint and therefore denies them.

**IV.     Claims**

**COUNT I**
**(Actual Fraud)**

54.     Regions repeats its previous answers and responses to the paragraphs referenced in Paragraph 54 of the Amended Complaint.

55.     Regions is without knowledge of the allegations contained in Paragraph 55 of the Amended Complaint and therefore denies them.

56.     Regions is without knowledge of the allegations contained in Paragraph 56 of the Amended Complaint and therefore denies them.

57.     Regions is without knowledge of the allegations contained in Paragraph 57 of the Amended Complaint and therefore denies them.

58.     Regions is without knowledge of the allegations contained in Paragraph 58 of the Amended Complaint, including (without limitation) the extent they include legal determinations or conclusions, and therefore denies them.

Regions denies that Plaintiff is entitled to any relief against Regions.

## Count II
## (Constructive Fraud)

59.     Regions repeats its previous answers and responses to the paragraphs referenced in Paragraph 59 of the Amended Complaint.

60.     Regions is without knowledge of the allegations contained in Paragraph 60 of the Amended Complaint and therefore denies these allegations.

61.     Regions is without knowledge of the allegations contained in Paragraph 61 of the Amended Complaint including (without limitation) the extent to which these allegations include legal determinations or conclusions, and therefore denies these allegations.

62.     Regions is without knowledge of the allegations contained in Paragraph 62 of the Amended Complaint including (without limitation) the extent to which these allegations include legal determinations or conclusions, and therefore denies these allegations.

63.     Regions is without knowledge of the allegations contained in Paragraph 63 of the Amended Complaint including (without limitation) the extent to which these allegations include legal determinations or conclusions, and therefore denies these allegations.

Regions denies that Plaintiff is entitled to any relief against Regions.

## Count III
## (Constructive Fraud)

64.     Regions repeats its previous answers and responses to the paragraphs referenced in Paragraph 64 of the Amended Complaint.

65.     Regions is without knowledge of the allegations contained in Paragraph 65 of the Amended Complaint and therefore denies those allegations.

66.     Regions is without knowledge of the allegations contained in Paragraph 66 of the Amended Complaint including (without limitation) the extent to which these allegations include legal determinations or conclusions, and therefore denies those allegations.

67.     Regions is without knowledge of the allegations contained in Paragraph 67 of the Amended Complaint including (without limitation) the extent to which these allegations include legal determinations or conclusions, and therefore denies those allegations.

68.     Regions is without knowledge of the allegations contained in Paragraph 68 of the Amended Complaint including (without limitation) the extent to which these allegations include legal determinations or conclusions, and therefore denies those allegations.

Regions denies that Plaintiff is entitled to any relief against Regions.

**Count IV**
**(Actual Fraud)**

69.     Regions repeats its previous answers and responses to the paragraphs referenced in Paragraph 69 of the Amended Complaint.

70.     Regions is without knowledge of the allegations contained in Paragraph 70 of the Amended Complaint and therefore denies those allegations.

71.     Regions is without knowledge of the allegations contained in Paragraph 71 of the Amended Complaint including (without limitation) the extent to which these allegations include legal determinations or conclusions, and therefore denies those allegations.

72.     Regions is without knowledge of the allegations contained in Paragraph 72 of the Amended Complaint including (without limitation) the extent to which these allegations include legal determinations or conclusions, and therefore denies those allegations.

73.     Regions is without knowledge of the allegations contained in Paragraph 73 of the Amended Complaint including (without limitation) the extent to which these allegations include legal determinations or conclusions, and therefore denies those allegations.

Regions denies that Plaintiff is entitled to any relief against Regions.

**Count V**
**(Constructive Fraud)**

74.     Regions repeats its previous answers and responses to the paragraphs referenced in Paragraph 74 of the Amended Complaint.

75.     Regions is without knowledge of the allegations contained in Paragraph 75 of the Amended Complaint and therefore denies those allegations.

76.     Regions is without knowledge of the allegations contained in Paragraph 76 of the Amended Complaint including (without limitation) the extent to which those allegations include legal determinations or conclusions, and therefore denies those allegations.

77.     Regions is without knowledge of the allegations contained in Paragraph 77 of the Amended Complaint including (without limitation) the extent to which these allegations include legal determinations or conclusions, and therefore denies those allegations.

78.     Regions is without knowledge of the allegations contained in Paragraph 78 of the Amended Complaint including (without limitation) the extent to which these allegations include legal determinations or conclusions, and therefore denies those allegations.

Regions denies that Plaintiff is entitled to any relief against Regions.

**Count VI**
**(Constructive Fraud)**

79.     Regions repeats its previous answers and responses to the paragraphs referenced in Paragraph 79 of the Amended Complaint.

80.     Regions is without knowledge of the allegations contained in Paragraph 80 of the Amended Complaint and therefore denies those allegations.

81.     Regions is without knowledge of the allegations contained in Paragraph 81 of the Amended Complaint including (without limitation) the extent to which these allegations include legal determinations or conclusions, and therefore denies those allegations.

82.     Regions is without knowledge of the allegations contained in Paragraph 82 of the Amended Complaint including (without limitation) the extent to which these allegations include legal determinations or conclusions, and therefore denies those allegations.

83.     Regions is without knowledge of the allegations contained in Paragraph 83 of the Amended Complaint including (without limitation) the extent to which these allegations include legal determinations or conclusions, and therefore denies those allegations.

Regions denies that Plaintiff is entitled to any relief against Regions.

**Count VII**
**(Actual Fraud)**

84.     Regions repeats its previous answers and responses to the paragraphs referenced in Paragraph 84 of the Amended Complaint.

85.     Regions is without knowledge of the allegations contained in Paragraph 85 of the Amended Complaint and therefore denies those allegations.

86.     Regions is without knowledge of the allegations contained in Paragraph 86 of the Amended Complaint including (without limitation) the extent to which these allegations include legal determinations or conclusions, and therefore denies those allegations.

87.     Regions is without knowledge of the allegations contained in Paragraph 87 of the Amended Complaint including (without limitation) the extent to which these allegations include legal determinations or conclusions, and therefore denies those allegations.

88.     Regions is without knowledge of the allegations contained in Paragraph 88 of the Amended Complaint including (without limitation) the extent to which those allegations include legal determinations or conclusions, and therefore denies those allegations.

Regions denies that Plaintiff is entitled to any relief against Regions.

2a7a5cc8eeea73fc

## Count VIII
## (Constructive Fraud)

89.      Regions repeats its previous answers and responses to the paragraphs referenced in Paragraph 89 of the Amended Complaint.

90.      Regions is without knowledge of the allegations contained in Paragraph 90 of the Amended Complaint and therefore denies those allegations.

91.      Regions is without knowledge of the allegations contained in Paragraph 91 of the Amended Complaint including (without limitation) the extent to which those allegations include legal determinations or conclusions, and therefore denies those allegations.

92.      Regions is without knowledge of the allegations contained in Paragraph 92 of the Amended Complaint including (without limitation) the extent to which these allegations include legal determinations or conclusions, and therefore denies those allegations.

93.      Regions is without knowledge of the allegations contained in Paragraph 93 of the Amended Complaint including (without limitation) the extent to which these allegations include legal determinations or conclusions, and therefore denies those allegations.

Regions denies that Plaintiff is entitled to any relief against Regions.

## Count IX
## (Constructive Fraud)

94.      Regions repeats its previous answers and responses to the paragraphs referenced in Paragraph 94 of the Amended Complaint.

95.      Regions is without knowledge of the allegations contained in Paragraph 95 of the Amended Complaint and therefore denies those allegations.

96.      Regions is without knowledge of the allegations contained in Paragraph 96 of the Amended Complaint including (without limitation) the extent to which these allegations include legal determinations or conclusions, and therefore denies those allegations.

97.     Regions is without knowledge of the allegations contained in Paragraph 97 of the Amended Complaint including (without limitation) the extent to which these allegations include legal determinations or conclusions, and therefore denies those allegations.

98.     Regions is without knowledge of the allegations contained in Paragraph 98 of the Amended Complaint including (without limitation) the extent to which these allegations include legal determinations or conclusions, and therefore denies those allegations.

Regions denies that Plaintiff is entitled to any relief against Regions.

**V.     Jury Trial Demand**

99.     Regions denies that Plaintiff is entitled to a jury trial on any issue or claim raised in the Amended Complaint and has filed an appropriate motion to strike this jury trial demand.

**VI.     Reservation of Rights**

100.     In light of prior rulings by the Court in this case, Regions denies this allegation or any such reservation.

**General Response to All Allegations of the Amended Complaint**

Answering generally with respect to all allegations contained in the Amended Complaint, Regions denies all allegations not specifically and particularly (without any inference or implication) admitted in this Answer.

**AFFIRMATIVE DEFENSES**

In addition to the foregoing responses and answers to the corresponding numbered paragraphs of the Amended Complaint, Regions asserts the following specific affirmative defenses to the claims asserted (if any) in the Amended Complaint, as follows:

**First Affirmative Defense**
**(Lack of Standing)**

Plaintiff has failed to show that she has standing to bring any of her alleged claims based on property owned or controlled by "the Mongelluzzis," "the Business Entities," or the "Mongelluzzis

and the Business Entities."  Plaintiff is the Chapter 7 Trustee of the estate of Frank only and has no standing or other right to bring any claim for recovery under Chapter 726, Florida Statutes involving any property owned by any corporation, limited liability company or other entity, or owned as tenants by the entirety by Frank and Anne.

### Second Affirmative Defense
### (Failure to state a claim upon which relief can be granted)

Plaintiff has failed to state a claim upon which relief can be granted because Plaintiff has failed to allege actual fraudulent intent under Section 726.105(1)(a) under the requisite specificity mandated by Fed.R.Bankr.P. 7009.

### Third Affirmative Defense
### (Failure to state a claim upon which relief can be granted)

Plaintiff failed to state a claim upon which relief can be granted because Plaintiff has failed to meet the requisite pleading standards of Fed.R.Bankr.P. 7008.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

### Fourth Affirmative Defense
### (Lack of standing under 11 U.S.C. § 544(b))

Plaintiff lacks standing to assert any claims against Regions based on Chapter 726, Florida Statutes, because she has failed to either properly allege and identify at least  one actual unsecured creditor, as required by 11 U.S.C. § 544(b), that would have standing to avoid any of the alleged transfers described in her Amended Complaint.

### Fifth Affirmative Defense
### (Failure to state a claim upon which relief can be granted)

Plaintiff failed to state a claim upon which relief can be granted because she has failed to allege or otherwise show that any actual "transfer" (within the meaning of 726.107(1)(b)) was made to Regions as part of the alleged "Deposit Transfers" or otherwise within the Amended Complaint as to her other claims, because none of the alleged transfers caused any diminution of Frank's estate.

### Sixth Affirmative Defense
### (Failure to state a claim upon which relief can be granted)

Plaintiff failed to state a claim for constructive fraud, within the meaning of Sections 726.105(b) or 726.106, because any payments received by Regions from Frank were either in satisfaction of a security interest held by Regions or Regions statutory security interest under Section 674.2101, Florida Statutes.

### Seventh Affirmative Defense
### (Mere conduit)

Plaintiff failed to state a claim upon which relief can be granted, for any alleged Deposit Transfer because, as appears on the face of the Amended Complaint and otherwise, Regions at all times acted in good faith and never exercised any dominion or control (as evidenced on the face of the Amended complaint) over any of the funds held on deposit in any account at Regions owned by Frank.

### Eighth Affirmative Defense
### (Failure to state a claim upon which relief can be granted)

Plaintiff failed to state a claim upon which relief can be granted to recover any actual intentional fraudulent transfer under Section 726.105 because Plaintiff has not properly alleged that Frank committed any of the requisite "badges of fraud" as required under applicable Florida law. All the Plaintiff has even attempted to allege is a "massive check-kite scheme" which is neither factually or legally correct under her own allegations; nor does a check-kite constitute (or satisfy) any aspect of an "actual intent" fraudulent transfer under applicable Florida law.

### Ninth Affirmative Defense
### (Failure to state a claim upon which relief can be granted)

Plaintiff failed to state a claim upon which relief can be granted because Plaintiff has failed to allege or show any causation or nexus between any alleged check kite and the Overdraft Loan Repayments or Deposit Transfers she alleges.

### Tenth Affirmative Defense
### (Failure to state a claim upon which relief can be granted)

Plaintiff failed to state a claim upon which relief can be granted for constructive fraud under either 726.105(1)(b) or 726.106 because Plaintiff has failed to show that Frank (or more specifically, any alleged identified, or as yet unidentified, transferor) was insolvent at the specific time of each of the alleged transfers (or made insolvent thereby) or insolvent during the alleged time period of 2007 – 2011.

### Eleventh Affirmative Defense
### (Failure to state a claim upon which relief can be granted)

Plaintiff failed to state a claim upon which relief can be granted because the allegations of the Amended Complaint are internally contradictory and conflicting  to the point of repugnancy. Specifically, without limitation, Plaintiff alleges on the one hand that Regions had a duty to detect, prevent and stop Frank's allegedly fraudulent activity through the alleged check-kite and failed to perform that duty, but then Plaintiff claims injury because Regions allegedly did take certain alleged actions which resulted in stopping what Plaintiff contends was a check-kiting scheme.

### Twelfth Affirmative Defense
### (Failure to state a claim upon which relief can be granted)

Plaintiff failed to state a claim upon which relief can be granted for constructive fraud under Section 726.109(1) because for each alleged type of transfer alleged by Plaintiff, Regions took in good faith and gave reasonably equivalent value in exchange therefor  including, but not limited to, the satisfaction of antecedent debt owed by Frank to Regions.

### Thirteenth Affirmative Defense
### (Section 726.109(5)(b))

Any transfer to Regions alleged by Plaintiff under Sections 726.105(1)(b) or 726.106 for any alleged Overdraft Loan Payment or Other Loan Repayment is not voidable because it was received by Regions in enforcement of either its statutory security interest under 674.2101 or its consensual security interests.

### Fourteenth Affirmative Defense
**(Set-off)**

Any recovery obtained by Plaintiff against Regions is subject to set-off against the amounts owed by Frank to Regions.

### COUNTERCLAIM

Regions files this Counterclaim against Welch and Trustee Christine Herendeen ("Herendeen"), jointly and severally, and alleges as follows:

### Parties, Jurisdiction and Venue

1.    Regions is an Alabama state chartered bank, a citizen of the State of Alabama with its principal place of business in Jefferson County, Alabama, is authorized to conduct business in the State of Florida.

2.    Welch is the Chapter 7 Trustee for the bankruptcy case of *In re Frank Michael Mongelluzzi*, filed United States Bankruptcy Court for the Middle District of Florida, Case No. 8:11-bk-01927-CED (the "Mongelluzzi Case"). She is a citizen of the State of Florida.

3.    Herendeen is a citizen of the State of Florida and the Chapter 7 Trustee for the following bankruptcy cases pending before the United States Bankruptcy Court for the Middle District of Florida:

      (i)      Able Body Temporary Services, Inc., Case No. 8:13-bk-06864-CED;

      (ii)     Professional Staffing, A.B.T.S., Inc., Case No. 8:13-bk-06866-CED;

      (iii)    Westward Ho II, LLC, Case No. 8:13-bk-06867-CED;

      (iv)    Westward Ho, LLC, Case No. 8:13-bk-06868-CED;

      (v)     YJNK XI CA, LLC, Case No. 8:13-bk-06875-CED;

      (vi)    Able Body Gulf Coast, Inc., Case No. 8:13-bk-06881-CED;

      (vii)   Preferable HQ, LLC, Case No. 8:13-bk-06891-CED;

      (viii)  Rotrpick, LLC, Case No. 8:13-bk-06894-CED;

    (ix)     USL&H Staffing, LLC, Case No. 3-bk-06897-CED;

    (x)     YJNK III, Inc., Case No. 8:13-bk-06899-CED

    (xi)    YJNK II, Inc., Case No. 8:13-bk-06869-CED;

    (xii)   ABTS Holdings, LLC, Case No. 8:13-bk-06879-CED;

    (xiii)  Cecil B. DeBoone, LLC - Case No. 8:13- bk-06883-CED;

    (xiv)  Training U, LLC, Case No. 8:13-bk-06896-CED;

    (xv)   Organized Confusion, LLP, Case No. 8:13-bk-06888-CED; and

    (xvi)  YJNK VIII, LLC, Case No. 8:13-bk-06902-CED.

(collectively, the "Able Body Debtors").

4.    This Court has subject matter jurisdiction of this counterclaim under 28 U.S.C. § 1334(b) because it is a civil proceeding related to cases under Title 11 of the United States Code and 28 U.S.C. § 2201 because it is an action for declaratory relief in a case of actual controversy, in addition to the Court's supplementary jurisdiction.

5.    Venue is proper in the Middle District of Florida because the Mongelluzzi Case and the Able Body Debtor Cases are pending before the United States Bankruptcy Court of the Middle District of Florida, Tampa Division.

**Background Facts**

6.    Frank Mongelluzzi ("Frank") and/or his wife Anne Mongelluzzi ("Anne") formed and operated businesses headquartered in Clearwater, Florida.  They operated those businesses over the course of twenty-one years from 1989 to on or about September 2, 2010.

7.    On May 24, 2013, Welch filed voluntary bankruptcy petitions for the Able Body Debtors. Herendeen has been appointed as the Chapter 7 Trustee of the sixteen Able Body Debtor cases.

8.    Welch administers certain interests in the Able Body Debtor cases because Frank held some ownership and interest in those entities, and through certain agreements with Anne.

9.  By letter dated October 1, 2013, Herendeen, through her counsel Brian Rich at Berger Singerman, made demand on Regions for $15,973,330.86, (the "Herendeen Demand Letter") for purported recovery of fraudulent transfers consisting of certain alleged "Overdraft Loan Repayments" and "Deposit Transfers" (both as defined in the Herendeen Demand Letter).  A copy of the Herendeen Demand Letter is attached hereto, and incorporated by reference, as Exhibit A.

10. All conditions precedent to the relief requested have occurred, have been performed or have been waived.

**Count I**
**(Declaratory Relief and Accounting – Alleged Transfers, Deposits and Other Funds)**

11. This is an action for declaratory relief and accounting.

12. Paragraphs 1 through 10 above are incorporated herein by reference.

13. In addition to Welch making a claim against Regions based on alleged Overdraft Loan Repayments, Deposit Transfers and Other Loan Repayments (as set forth in her Amended Complaint (as defined above) , Herendeen has asserted claims against Regions for the same type, if not identical, claims as those made by Welch.

14. Accordingly, Welch and Herendeen assert claims exposing Regions to potential double or inconsistent liability, and fail to identify with requisite particularity (or properly allege) the specific "transferor" participating in any alleged transfer, thereby creating doubt as to the ownership and standing to assert such claims against Regions

15. Welch and Herendeen are not both (or each)  entitled to make claims based on the alleged Overdraft Loan Repayments, Deposit Transfers and other Loan Repayments made by the Able Body Debtors and/or allegedly Frank.

16. As evident from this litigation, Welch asserts otherwise.

17. As is also apparent Herendeen, as evidenced by the Herendeen Demand Letter, asserts otherwise.

18. As a result, the parties are engaged in an actual case or controversy.

19. The information and records as to the deposits and funds, in particular the source and ownership of the funds, are complex, in conflict, are uncertain and, given the actual controversy manifested by Welch's allegations in her Amended Complaint, and the Herendeen Demand Letter, are in immediate need of determination by this Court.

WHEREFORE, Regions requests this Court render judgment against Welch and Herendeen determining and declaring the following:

(a)    Welch and Herendeen are not separately entitled to make claims based on the those asserted in the Amended Complaint and the Herendeen Demand Letter;

(b)    A determination as to the exact identity of any alleged "transferor", as to each alleged corresponding transfer, of any funds or amounts claimed by Welch or Herendeen, respectively;

(c)    An accounting of the deposits, funds or alleged recoverable transfers to Regions, if any, that are either the property of Frank's estate or any of the respective Able Body Debtors' estates; and

(d)    Such other and further relief as is equitable and just.

/s/Edmund S. Whitson, III
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number:  0731013
janthony@anthonyandpartners.com
**EDMUND S. WHITSON, III, ESQUIRE**
Florida Bar Number:  0897272
ewhitson@anthonyandpartners.com
**MEGAN M. GREENE, ESQUIRE**
Florida Bar Number: 0102739
mgreene@anthonyandpartners.com
Anthony & Partners, LLC
201 N. Franklin Street, Suite 2800
Tampa, Florida  33602
Telephone:  813.273.5616/Facsimile:  813.221.4113
Attorneys for Regions Bank

22

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 25, 2014, I electronically filed the foregoing

*Regions Bank's Answer and Affirmative Defenses to Amended Complaint and Demand for Jury*

*Trial* with the Clerk of the Court by using the CM/ECF System which will send a notice of

electronic filing to all counsel of record listed below:

Robert F. Elgidely, Esq.　　　　　　　Brian Rich, Esquire
John H. Genovese, Esq.　　　　　　　James Gastenheimer, Esquire
Michael A. Friedman, Esq.　　　　　　Berger Singerman
GENOVESE JOBLOVE & BATTISTA, P.A.　125 South Gadsden Street,Suite 300
200 East Broward Boulevard, Suite 1110　Tallahassee FL 32301
Fort Lauderdale, Florida 33301　　　　　*Counsel for Christine Herendeen*
*Counsel for Plaintiff*

　　　　　　　　　　　　　　　　　/s/ Edmund S. Whitson III
　　　　　　　　　　　　　　　　　**ATTORNEY**